David Krieger, Esq.
Nevada Bar No. 9086
Matthew Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S Rainbow Blvd Suite 400
Las Vegas, Nevada 89118
Phone: (702) 805-1659
Email: dkrieger@nvbankruptcyattorneys.com
Email: mknepper@nvbankruptcyattorneys.com

Attorney for Plaintiff
*VaRhonda Harris*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VARHONDA HARRIS,<br><br>  Plaintiff,<br><br>v.<br><br>KALI LLC dba ARROW FUNDING GROUP,<br><br>  Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff VaRhonda Harris, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently,

knowingly, and/or willfully placing automated texts to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A"), and the harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

3. This action is also brought under Nevada Revised Statutes Chapter 598.0918 ("NRS 598") and Nevada Revised Statutes Chapter 41.600 *et seq.* ("NRS 41.600") for Defendant's deceptive trade practices as further described herein.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5. Defendant has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041 (hereinafter "NRS 604A.5041").

6. Defendant is a "licensee" as that term is defined by NRS 604A.075.

7. NRS 604A.5041 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

8. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C.

§ 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

10. Plaintiff VaRhonda Harris ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant Kali LLC dba Arrow Funding Group ("Arrow") is doing business in the State of Nevada.

13. Arrow is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. The TCPA regulates, among other things, the use of automated telephone dialing systems.

16. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system

("ATDS") as equipment having the capacity –

    (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)    to dial such numbers.

17. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

18. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

19. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

20. On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id*. at ¶ 30.

21. Further, consumers (like Plaintiff) may revoke consent through any reasonable means. *Id*. at ¶ 47.

22. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id*. at ¶ 58.

23. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id*. at ¶ 61.

24. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id*. at ¶ 64.

## Facts

25. Plaintiff allegedly incurred a financial obligation ("Debt") to Arrow.

26. Prior to filing the instant complaint, Plaintiff received numerous calls and texts from Arrow.

---

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

27. Upon information and belief, Arrow employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

28. Arrow or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

29. Arrow contacted Plaintiff via automated text messages regarding the Debt.

30. On October 25, 2022, Plaintiff responded via text to an automated text from Arrow and instructed it, in no uncertain terms, to cease contacting her regarding the Debt and to contact her counsel for all dialogue regarding the Debt. Plaintiff thereby revoked consent, if any ever existed, to be contacted by Arrow via an ATDS.

31. However, Arrow placed automated texts to Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA. Arrow continued to send automated texts attempting to collect the Debt even after Plaintiff's clear, unequivocal revocation and instructions to contact her legal counsel.

32. Additionally, Arrow refused to stop contacting Plaintiff to collect the Debt until Plaintiff provided a case number or other information regarding the

undersigned's representation of Plaintiff, utterly disregarding Plaintiff's request it stop contacting her.

33. Upon information and belief, Arrow's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34. The telephone number Arrow used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

35. Arrow's calls to Plaintiff's cellular telephone were not for "emergency purposes."

36. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Arrow to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

37. Plaintiff suffered actual harm and loss, since the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to x-rays resulting from Arrow's unwanted phone calls to Plaintiff's cell phone.

38. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Arrow had no right to do so,

///

resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from precisely this behavior.

39. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

40. Plaintiff was also personally affected, since Plaintiff felt her privacy had been invaded when Arrow placed calls and texts to Plaintiff's phone line without any consent to do so.

41. The injury suffered by Plaintiff is concrete because Arrow's violations caused Plaintiff to suffer an invasion of privacy.

## **Plaintiff Suffered Actual Damages**

42. Plaintiff has suffered and continues to suffer actual damages as a result of Arrow's unlawful conduct.

43. Further, Plaintiff alleges that Arrow's actions at all times herein were "willful."

44. As a direct consequence of Arrow's harassing phone calls and texts, acts, practices, and conduct, Plaintiff suffered and continues to suffer from anger, emotional distress, frustration, and has otherwise been totally annoyed by Arrow's intrusive and illegal collection efforts. Plaintiff has also lost the use of personal and family time while enduring these frustrations.

# COUNT I

## Violations of the FDCPA
## (as incorporated through NRS 604A.5041)

45. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

46. The Debt was a "high-interest loan" as defined by NRS 604A.0703.

47. NRS 604A.5041 provides:

> If a customer defaults on a high-interest loan, the licensee who operates a high-interest loan service may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

48. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.

49. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.5041.

50. Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Plaintiff after it knew Plaintiff was represented by an attorney.

51. Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant engaged in communication with Plaintiff after written notification that Plaintiff

refuses to pay the Debt, or that Plaintiff requested Defendant to cease communication with Plaintiff.

52. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

54. Plaintiff is entitled to damages as a result of Defendant's violations.

55. Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq*.)

56. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

57. Defendant negligently placed multiple automated texts to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

///

58. Each of the aforementioned texts by Defendant constitutes a negligent violation of the TCPA.

59. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each text in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

61. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

62. Defendant knowingly and/or willfully placed multiple automated texts to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

63. Each of the aforementioned texts by Defendant constitutes a knowing and/or willful violation of the TCPA.

64. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each text in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT IV

## Violations of Nevada's Deceptive Trade Practices Act
## (NRS 598.0918)

66. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

67. "Solicitation" means "the act of… seeking to obtain" something – in this case money. *Solicitation*, Black's Law Dictionary (2d Pocket Ed. 2001).

68. Here, Defendant solicited Plaintiff to seek or obtain money from Plaintiff.

69. On March 13, 2001, Assembly Bill 337 (AB 337) was introduced to the Nevada State Legislature. AB 337 revised Nevada's Deceptive Trade Practices statutes codified at NRS 598 et seq.

70. As expressed by Marilyn Skibinski, Regulatory Analyst, Bureau of Consumer Protection, AB 337 was enacted to "provide[] additional protection for consumers." *See Minutes of the Meeting of the Assembly Committee on Commerce and Labor*, 71st Session, April 4, 2001, page 1082, which can be viewed at http://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/2001/AB337,2001.pdf ("AB 337 Minutes").

71. Further, AB 337 was specifically intended to apply to companies (like Defendant) using "automatic calling" or automated dialing systems. As Ms. Rushton stated in response to Senator Maggie Carlton, "[that] is exactly what [AB 337 is intended to do." *Id*. at page 4093.

72. In specific, AB 337 made it a deceptive trade practice to, during a solicitation by telephone, to:

   a. Repeatedly or continuously conduct the solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive or harassing;
   b. Solicit a person by telephone at his or her residence between 8 p.m. and 9 a.m.
   c. Block or otherwise intentionally circumvent any service used to identify the caller when placing an unsolicited telephone call; or
   d. Place an unsolicited telephone call that does not allow a service to identify the caller by the telephone number or name of the business, unless such identification is not technically feasible.

73. Defendant repeatedly and continuously placed telephone calls to Plaintiff's residential phone (which is also Plaintiff's cellular phone) to solicit money from Plaintiff in a manner that would be considered annoying, abusive, or harassing by a reasonable person.

74. Specifically, Defendant placed texts to Plaintiff's cell phone even after Plaintiff demanded Defendant cease contacting Plaintiff. Such conduct is unquestionably harassing and annoying.

75. Defendant's violations of NRS 598.0918 constitute violations of NRS 41.600 and Plaintiff is entitled to relief under NRS 41.600.

## COUNT V

### Invasion of Privacy
### Intrusion into Seclusion

76. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

77. Nevada recognizes the common law tort for an invasion of privacy of intrusion into seclusion finding "[r]epeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion." *Peatrowsky v. Persolve*, No. 2:12-cv-00935-JAD-VCF, 2014 U.S. Dist. LEXIS 38320, at *26-27 (D. Nev. Mar. 24, 2014).

78. Further, Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

79. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully inundating Plaintiff with phone calls as discussed above and thereby invaded Plaintiff's privacy as expressed in the foregoing. To recap however, these invasions included a

persistent disregard of Plaintiff's demands that Defendant cease these intrusive communications. Indeed, Plaintiff's attempts to curb Defendant's collection communications fell on deaf ears.

80. As a result, Defendant flagrantly disrespected Plaintiff's right to live peaceably and in solitude. Defendant simply knew better, but as a business policy disregards rights of consumers like Plaintiff regardless of the personal costs to Plaintiff's common law right to solitude and peace.

81. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns, and/or affairs.

82. Defendant's conduct in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy which occurred in a way that would be highly offensive to a reasonable person in that position.

83. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant, as well as punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

1. consequential damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

2. statutory damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

3. actual damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

4. punitive damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

5. costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against Defendant for Plaintiff;

6. a "voiding" of the Debt, barring Defendant from collecting thereon, and compelling Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. statutory damages of $500.00 for each and every call or text made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. treble damages of up to $1,500.00 for each and every call or text made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

10. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless,

and/or negligent violations of NRS 598.0918 as permitted under NRS 41.600;

11. actual damages and punitive damages for Defendant's privacy violations;

12. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 6, 2022

                              Respectfully submitted,

                              By  /s/ David Krieger, Esq.

David Krieger, Esq.
Nevada Bar No. 9086
Matthew Knepper, Esq.
Nevada Bar No. 12796
Nevada Bankruptcy Attorneys, LLC
5940 S Rainbow Blvd Suite 400
Las Vegas, Nevada 89118
Phone: (702) 805-1659
Email: dkrieger@nvbankruptcyattorneys.com
Email: mknepper@nvbankruptcyattorneys.com

Attorneys for Plaintiff
*VaRhonda Harris*

NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S Rainbow Blvd Suite 400
Las Vegas, Nevada 89118